| | | |
|---|---|---|
| HOMAIRA A. MIRHABIBI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-CV-61-JEM |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 21]. Now before the Court are Plaintiff's Motion for Judgment on the Pleadings [Doc. 22] and Defendant's Motion for Summary Judgment [Doc. 26]. Homaira A. Mirhabibi ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Kilolo Kijakazi ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

## I. PROCEDURAL HISTORY

On July 15, 2016, Plaintiff filed an application for disability insurance benefits and supplemental security income benefits pursuant to Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and 1381 *et seq.*, claiming a period of disability that began on February 1, 2014 [Tr. 14, 184–96]. After her application was denied initially and upon

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

reconsideration, Plaintiff requested a hearing before an ALJ [Tr. 113–16, 119–22, 123–24]. A hearing was held on January 11, 2019 [Tr. 37–58]. On April 1, 2019, the ALJ found that Plaintiff was not disabled [Tr. 11–28]. The Appeals Council denied Plaintiff's request for review on January 27, 2020 [Tr. 1–4], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on April 1, 2020, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.    ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since February 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: osteoarthritis; status post multiple lower extremity fractures requiring open reduction internal fixations (ORIFs), anxiety, depression, and an adjustment disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with no climbing ladders, ropes, or scaffolds; no more than occasional climbing ramps and stairs; no more than occasional balancing, stooping, kneeling, crouching, or crawling;

and she can perform and maintain concentration for simple, routine, repetitive tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 14, 1982 and was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 16–27].

## III.  STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

3

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Supreme Court recently explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

4

## IV.   DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is

5

"based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five, *id.*, where the Commissioner must prove that there is work available in the national economy that the claimant could perform, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V.    ANALYSIS

Plaintiff claims that the ALJ's decision was flawed due to three errors in his findings. Specifically, Plaintiff takes issue with Findings 4, 5, and 10 which relate, respectively, to the applicability of any listed impairments based on the severity of Plaintiff's impairments, the ALJ's final determination of Plaintiff's RFC, and whether jobs exist in significant numbers in the national economy that Plaintiff could perform considering her age, education, work experience, and RFC. As to Findings 4 and 5, Plaintiff contends that the ALJ's findings are based solely on Plaintiff's brief interactions with medical professionals and that the ALJ improperly relied on his own lay interpretation of the medical evidence. Plaintiff also contends that the ALJ failed to properly consider Plaintiff's subjective complaints. According to Plaintiff, the ALJ's basis for Findings 4, 5, and 10 would be unsupported had the ALJ properly considered Plaintiff's subjective allegations. Plaintiff argues that substantial evidence exists warranting a reversal of the Commissioner's final decision such that the Court should immediately enter an award of benefits.

The Commissioner maintains that the ALJ's RFC finding and determination as to the work that remained open to Plaintiff despite her impairments is supported by substantial evidence. The Commissioner therefore requests the Court to affirm her final decision.

6

## A.     ALJ's Consideration of the Evidence and RFC Finding

Plaintiff argues the ALJ's consideration of the medical evidence was insufficient. Specifically, Plaintiff asserts that the ALJ's discrediting of her statements about the intensity, persistence, and limiting effects of her symptoms was improper because they were consistent with the record. The Commissioner argues the ALJ properly considered the evidence of record, including Plaintiff's subjective allegations, the medical opinions, Plaintiff's past medical treatment, the medical evidence, and Plaintiff's reported daily activities, and that substantial evidence supports the ALJ's evaluation of the evidence of record and resulting RFC finding. Having reviewed the record, the Court finds that the ALJ properly considered the evidence of record and the resulting RFC finding is supported by substantial evidence.

As a threshold matter, a claimant's subjective complaints are but one of many factors an ALJ is to consider when making the RFC finding. *See* 20 C.F.R. § 404.1545(a)(3). When a disability determination that would be fully favorable to the plaintiff cannot be made solely based on the objective medical evidence, an ALJ must analyze the symptoms of the plaintiff, considering the plaintiff's statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in Social Security Ruling 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3).

> In evaluating subjective complaints of disabling pain, this court looks to see whether there is objective medical evidence of an underlying medical condition, and if so, then 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or, 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Stanley v. Sec'y of Health & Hum. Servs.*, 39 F.3d 115, 117 (6th Cir. 1994) (quoting *Jones v. Sec'y, Health & Hum. Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). In any case, "[a]n ALJ is not required

7

to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted). For the reasons discussed below, the Court finds that the ALJ's evaluation of Plaintiff's subjective complaints, as well as the other evidence in the record, was sufficient in this case.

In the disability decision, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." [Tr. 20]. An ALJ may consider the inconsistencies between a claimant's subjective allegations and the medical evidence—as the ALJ did here when discounting Plaintiff's allegations concerning the severity of her impairments. *See Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("The ALJ reasonably discounted [Plaintiff's] testimony concerning the severity of her pain because her testimony was inconsistent with the medical evidence in the record."); *see also* Social Security Ruling 16-3p ("We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with the objective medical evidence and the other evidence."). Moreover, the ALJ must consider the following factors in assessing a claimant's credibility: (1) daily activities; (2) the location, frequency, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (5) treatment, other than medication, received or have received for relief of pain or other symptoms; (6) any measures that are used or were used to relieve pain or other symptoms; and (7) other factors concerning

8

functional limitations and restrictions due to pain or other symptoms. *Id.* at *3 (citing 20 C.F.R. § 404.1529(c)). The decision need not contain discussion and citations for every possible factor in order to be sufficiently specific. *See Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 664 (6th Cir. 2004).

Plaintiff contends that the ALJ relied on his own, lay interpretation of the medical evidence in formulating the RFC finding; however, the Court finds that Plaintiff's position is not reflective of the ALJ's decision. Here, the ALJ considered a myriad of factors in evaluating the credibility of Plaintiff's subjective allegations. The ALJ expressly considered the medical opinions in the record, including an August 2016 consultative medical examination performed by Robert Blaine, M.D. ("Dr. Blaine") [Tr. 21], and the opinions of state agency medical consultants Michael Ryan, M.D. ("Dr. Ryan"), and Lewis Barton, M.D. ("Dr. Barton") [Tr. 25].[2] Dr. Blaine opined that Plaintiff "could stand or walk for three hours in an eight-hour day with reasonable rest breaks. She could lift and carry 10 lbs frequently and 30–40 lbs infrequently. She could sit for eight hours with reasonable rest breaks." [Tr. 381]. The ALJ accepted Dr. Blaine's opinions because he had an opportunity to examine Plaintiff, and his opinion was consistent with the findings noted during his examination [Tr. 25]. Dr. Ryan and Dr. Barton opined Plaintiff could perform light work with frequent postural except for occasional climbing ladders, ropes, and scaffolds [*Id.* (citing [Tr. 77–79, 93–95])]. The ALJ rejected these opinions because "new evidence has been submitted that provides further insight into the claimant's functioning, including a large number of treatment records submitted at the hearing level . . . . [That revealed] ongoing pain with the lower extremities that warrants a finding of sedentary exertion." [Tr. 26].

---

[2] Plaintiff does not argue against the merits of the ALJ's evaluation of the medical opinions of record. The Court finds that any such arguments have been waived. *McPherson*, 125 F.3d at 995–96.

9

The Court finds that the ALJ appropriately considered the opinions mentioned above as well as the others discussed in his decision, and the ALJ incorporated the supported limitations into the RFC. Furthermore, it is clear that the ALJ gave more deference to Dr. Blaine's opinion because he found it to be more consistent with the objective medical evidence, as it supported a finding that Plaintiff was more limited than what Drs. Ryan and Barton opined. The Court finds that substantial evidence exists in the record to support that decision.

The ALJ further considered the treatment that Plaintiff received for her alleged impairments [Tr. 21–23, 25]. In December 2006, Plaintiff was injured because of a car accident that required surgery to correct her fractured right ankle [Tr. 394, 403]. But Plaintiff returned to work following surgery [Tr. 206]. Plaintiff also alleged that she became disabled in February 2014, but she received no treatment between December 2013 and March 2014 [Tr. 184, 191, 351, 354]. Plaintiff also reported being stable on her medication and that it allowed her to continue to function [Tr. 21–22, 25, 316, 321, 329, 333, 337, 341, 365, 713, 722].

In addition, the ALJ gave a comprehensive overview of the medical findings [Tr. 18, 21–25]. Plaintiff was noted as having a normal gait, station, tandem walk, heel and toe walk, and single-leg stand multiple times throughout the record [Tr. 18, 23, 25, 381, 385, 726, 815, 818, 821, 828, 836, 839, 856, 1076]. Plaintiff had normal balance, motor function, reflexes, and sensation [Tr. 815, 818, 821, 828, 836, 839, 856]. Plaintiff had decreased lumbar spine range of motion, but negative straight leg raise testing [Tr. 380–81]. And Plaintiff routinely appeared to not be in acute distress despite her reports of disabling pain [Tr. 316, 321, 329, 333, 337, 341, 351, 365, 713, 722, 726, 828, 831, 834, 839, 842, 845, 848, 851, 854, 856, 1201]. The ALJ also considered objective imaging, which showed mild to moderate abnormalities [Tr. 21–23; *see, e.g.*, Tr. 374, 376, 382, 817, 868 (negative bilateral x-rays and left MRI); Tr. 23, 814, 869 (normal bone scan)].

10

Finally, the ALJ also considered Plaintiff's reported daily activities [Tr. 17, 22, 24–25]. Plaintiff alleged a period of disability beginning in April 2014, yet she worked part-time in 2018 [Tr. 42, 184, 191, 253, 834]. Plaintiff also reported being able to care for her ill mother [Tr. 834, 850, 855–56], being able to maintain her personal care, prepare meals, do laundry, clean, watch movies and television, and read [Tr. 269–72, 837].

While the record may contain evidence of more severe limitations and although Plaintiff would interpret the evidence differently, the Court finds that the ALJ's determination was within his "zone of choice." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (holding that "[t]he substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way" and that, as long as substantial evidence supports the ALJ's finding, the fact that the record contains evidence which could support an opposite conclusion is irrelevant (quotations omitted)); *see also Huizar v. Astrue*, No. 3:07-CV-411-J, 2008 WL 4499995, at *3 (W.D. Ky. Sept. 29, 2008) ("While plaintiff understandably argues for a different interpretation of the evidence from that chosen by the ALJ, the issue is not whether substantial evidence could support a contrary finding, but simply whether substantial evidence supports the ALJ's findings."). Furthermore, it appears that Plaintiff is inviting the reweighing of the evidence in this case, and "the court will not reweigh the evidence considered by the ALJ." *Seibert v. Comm'r of Soc. Sec.*, No. 17-13590, 2019 WL 1147066, at *2 (E.D. Mich. 2019) (citing *Big Ranch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013)). Substantial evidence of an alternative conclusion in the record is not sufficient to reverse an ALJ's decision. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

The Court finds that the ALJ appropriately examined the totality of the evidence and found Plaintiff's complaints of debilitating impairment were inconsistent with the record as a whole. *See*

11

20 C.F.R. § 404.1529; S.S.R. 16-3p. The evaluation of a claimant's subjective complaints rests with the ALJ and should not be disturbed absent "compelling reasons." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted). The ALJ's evaluation of Plaintiff's subjective complaints was proper and devoid of procedural error and substantial evidence in the record supports the ALJ's evaluation and final RFC finding. Accordingly, an immediate entry of an award for Plaintiff is not warranted on this basis.

**B.      ALJ's Determination as to the Work Available to Plaintiff**

Plaintiff argues that the ALJ incorrectly found that work was available to her despite her alleged impairments because, had the ALJ properly considered the evidence of record, he would have determined that Plaintiff was unable to work at the sedentary level, as is set forth in the ultimate RFC finding. Plaintiff states that the Vocational Expert testified that an individual whose ability to sit, stand, or walk was limited to four out of eight hours in a workday would be completely foreclosed from meeting time and attendance standards for competitive full-time work. According to Plaintiff, she alleged having those exact limitations and the ALJ failed to properly consider Plaintiff's allegations. Plaintiff further contends that her claimed limitations are supported by her own testimony and the Vocational Expert's testimony. The Commissioner argues that the ALJ's final RFC finding is supported by substantial evidence as detailed above. The Commissioner maintains that the RFC included all limitations for Plaintiff that were supported by the evidence of record, and that—considering the Vocational Expert testified that an individual with Plaintiff's limitations could perform work existing in significant numbers in the national economy—the ALJ's finding that work remained open to Plaintiff was appropriate under the circumstances.

Having already found that the ALJ's determination of Plaintiff's RFC was appropriate and supported by substantial evidence, the only issue left before the Court is whether the ALJ properly

relied on the Vocational Expert's testimony. The Court finds that he did. As noted by the Commissioner, the Vocational Expert testified in a response to a hypothetical question incorporating the same limitations as Plaintiff's RFC, that such an individual could perform sedentary work as a document preparer, a surveillance system monitor, and an addresser [Tr. 27, 55–56]. As discussed earlier, the ultimate RFC finding incorporated only those limitations that the ALJ found to be supported by the evidence of record, and the Court has determined that substantial evidence supports the ALJ's findings. Thus, the hypothetical question here—which relied on the RFC finding—was proper, and the ALJ's reliance on the Vocational Expert's testimony as part of his decision was appropriate. *See Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014) ("The record reflects, however, that the hypothetical questions were proper because the ALJ incorporated all of the functional limitations that she deemed credible."). Therefore, the Court finds that Plaintiff has not demonstrated a valid reason for the immediate entry of an award on this basis.

## VI.     CONCLUSION

Based on the foregoing, the Court will **DENY** Plaintiff's Motion for Judgment on the Pleadings [**Doc. 22**], and **GRANT** the Commissioner's Motion for Summary Judgment [**Doc. 26**]. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

Jill E. McCook
United States Magistrate Judge

13